The Chief Justice
delivered the opinion of the court.
This was a bill filed by the heirs of John Breckenridge, deceased, to have partition and to recover their proportion of the rents and profits of about 640 acres of land, being part of 1,000 acre tract, patented jointly to Breckenridge, Respass, and Haggin, and which was recovered by them in a controversy with Thomas M’Clanahan.
Respass, Haggin and others, to whom they had sold parcels of the land so recovered, were made defendants.
Raspass in his answer, alledges that he and Haggin were joint owners of the tract of 1,000 acres, and there being adverse interfering claims, they were desirous of having the title investigated, and with that view, proposed to give Breckenridge, who was then a practising lawyer, one third of what should be saved, provided he would be at all the trouble and pay all the expense of the investigation, that, to this proposition, Breckenridge would not accede, and Haggin refusing to employ him upon any other terms, Respass proposed to let Breckenridge have one third of his moiety for investigating the title, and paying his proportion of the expense, to which Breckenridge agreed. That Breckenridge, thereupon, wrote an assignment upon the plat and certificate of survey, and that Respass, without adverting to the terms of the assignment signed it for himself, and through the persuasions of Breckenridge, subscribed the name of Haggin thereto, without having any authority to do so. He avers that Breckenridge did not comply with the terms or the contract, that although there were divers interferences he never attempted an investigation, except with M’Clanahan, with whom he arbitrated, and that M’Clan *582 ahan filed a bill of review to reverse the decree founded upon on the award of the arbitrators, which went to the court of appeals, in which propeedings Breckenridge failed to attend as counsel, and that he was forced to employ other counsel at great expense, and that when M’Clanahan was finally evicted, he recovered about $900 for improvements, the whole of which was paid by Respass and Haggin, Breckenridge having failed to pay his proportion. Respass farther alledges, that Breckenridge, conscious of not having performed his engagements, made a verbal agreement to sell to Respass his interest in the land, at twenty shillings per acre, in horses, and that he paid to Breckenridge a horse at the price of $150, in part discharge of that agreement, and that owing to the still subsisting disputes about the title, Breckenride declined receiving the balance of the horses. Respass, therefore, insists that the complainants are not entitled to any part of the land, or if any, only to one third of Respass’ moiety, and that they ought not to have a decree for that without paying a due proportion of the value of the improvements recovered by M’Clanahan, and of the costs expended in the investigation of the title, together with the price of the horse received by their ancestor. He calls upon the complainants to answer the allegations of the answer, and prays that they may be decreed to pay to him their ancestor’s proportion of the amount of improvements, and of the costs expended altogether, with the price of the horse advanced to their ancestor, if they should refuse to confirm his agreement.
In an amendment to his answer, he alledges that Breckenridge, in his lifetime, informed him that he had made a memorandum in writing of the agreement between them for the sale of his interest, and he requires the complainant to make discovery thereof.
Haggin in his answer admits that he concurred with Respass, in making a proposition to Breckenridge to investigate the title, for one third of what should he saved, provided he would be at all the trouble, and pay all the expense of the investigation, but he alledges that Breckenridge utterly refused to accede to the proposition, and denies that he ever made any other engagement with him, and insists that the plat and certificate of survey was assigned to Breckenridge without his knowledge or consent, and without any authority from him to make such an assignment.
*583 The other defendants admit their holding under Respass, some of them alledge themselves to be purchasers for valuable considerations, without notice of the complainants claim, and insist, if partition should be decreed, they should be protected in their possession, and that if any of their respective parcels should be slotted to the complainants, that they should be allowed a compensation for their improvements.
The complainants in response to the answer of Respass, insist, that their ancestor was to have a third of the whole land saved, and rely on the patent as evidence of their right.
They alledge that their ancestor was jointly engaged for for Haggin and Respass, and they do not admit that the assignment of the survey was made without the knowledge of consent of Haggin, or that his name was subscribed without his authority, by Respass, through the pursuasion of Breckenridge. They deny any failure on the part of their ancestor, to comply with his contract. They alledge their ignorance of any interference, except that with M’Clanahan, and they admit that he filed a bill of review, and that it was taken to the court of appeals, but they alledge that their ancestor attended to it in the court below as counsel, and that the counsel argued it for him in the appellate court, and they deny that Respass was ever at any expense in employing counsel. They admit that M'Clanahan recovered for improvements, and that as Respass and Haggan took possession while they were minors, without inviting their guardians to join them in doing so, they may have paid for the improvements, but how much they know not, and require proof thereof.
They are willing, however, if these improvements should in allotted to, them in the partition, to pay whatever was paid by Respass and Haggin, but claim to have rents allowed to them from the time Respass and Haggin took possession, until it shall be delivered to them.
They deny any knowledge of a memorandum of the alledged agreement of their ancestor to sell his interest to Respass, and they do not admit that there was any such agreement made by their ancestor. They admit that their ancestor received a horse at the price of $150 from Respass, but knew not whether he was paid for or not, nor upon what contract he was received.
The court below decreed d partition, but allowed to the complainants only one sixth part of the land in question, *584 being one third of Respass’ moiety, and left Respass to his remedy at law for the recovery of the horse or his value, which he alledges he paid to Breckenridege on the contract for the purchase of his interest.
A court of equity will always compel a party to do equity before any relief is granted to him.
In making partition between tenants in common, if an equal division cannot be made without allotting the improvements made by one party to the other, he who gets the improvements should be made to pay for them, but should be allowed rents.
From that decree both Respass and the complainants have appealed to this court.
As the patent from the commonwealth for the land in controversy, issued jointly to Respass, Haggin and the ancestor of the complainants, it is plain that their ancestor in his life, had, and that they now have, by descent, a legal right to an equal third of the land, and they would most indisputably be entitled to a decree for that quantity, as against both Haggin and Respass, if the latter were not permitted to overreach the patent nor to avail themselves of any equitable matter of defence.
But we apprehend there is no doubt that they may do so; for it would be absurd to suppose that a court of equity would enforce even a legal right in opposition to equitable principles. It becomes necessary, therefore, to enquire how far the matters relied on by the defendants are sustained in point of fact, and whether they constitute an equitable defence or not. And first, as to Haggin: The matter of defence which relates peculiarly to him, consists simply of the fact that he did not agree to the terms upon which Breckenridge was engaged to investigate the title of the land; and that the assignment of the plat and certificate of survey to Breckenridge was made without his consent or authority. These facts are asserted both, by himself and Respass, and are established by the proof in the cause, as far as they can be by negative testimony; for it is proven by one witness, that Haggin positively refused to accede to the terms which had been proposed to him, of giving Breckenridge one third of the land for investigating the title and paying one third of the expence; and by another witness it is proven, that the signature of his name to the assignment to Breckenridge of the original plat and certificate of survey in the register’s office, is not in his hand writing. Assuming, then, these facts to be true, it inevitably results, that the complainants cannot be entitled to any part of his moiety of the land in controversy, for it is a self-evident principle that no one can part with his interest but by his consent.
With respect to Respass, the first matter relied on by him which demands attention, is that he only agreed with *585 Breckenridge to give him one third of his moiety for investigating the title, and that after subscribing his own name to the assignment of the plat and certificate of survey, he was induced to subscribe that of Haggin without authority to do so, by the pursuasion of Breckenridge, that they being joint owners he had a right to do so, and that it was necessary to be done, that the patent might issue to the three jointly.
But neither the fact that he agreed to give to Breckenridge only one third of his moiety, nor the fact of Breckenridge inducing him without authority to subscribe the name of Haggin to the assignment of the plat and certificate of survey is supported by evidence. It cannot in truth be doubted, that Breckenridge thought he was contracting for one third of the whole tract, and that Respass intended that he should have it for his services. The assignment in plain and unequivocal language, purports to transfer to Breckenridge one equal third of the survey, and if was certainly competent for Respass to make an assignment of that portion, without having any authority from Haggin to transfer a part of his interest, for Respass being the owner of a moiety, might lawfully transfer that or any less quantity. If then, Breckenridge contracted for one third of the whole survey, has paid the consideration therefor, and obtained a legal title thereto; there is no principle either of law or equity, upon which Respass can avail himself of a want of authority to subscribe Haggin’s name to the assignment, in order to abridge or curtail the right of Breckenridge, or that of his representatives. To permit him to do so, would be allowing him to take advantage of his own wrong, to weaken or destroy the force and effect of his own contract.
But in the second place it is relied upon by Respass that Breckenridge did not pay the consideration, or in other words, that, he failed to comply with his part of the contract. It is not controverted that Breckenridge filed a bill and obtained a decree upon an award of arbitrators against M’Clanahan, who held an interfering claim: and that when a bill of review was filed by M’Clanaban, Breckenridge attended to the case in the inferior court, but it is alledged that he failed to argue the cause when taken to the appellate court. Both parties admit that the late Col. Allin, argued the case in the court of appeals, and each of them claims him as their counsel. There is, however, no proof of either having engaged him as counsel, or having paid his fee, *586 and in the absence of any proof upon the subject, it is as rational to presume that he appeared for the complainants or their ancestor, as that he appeared for Respass. Besides, to repel the legal title of the complainants, it is not sufficient to surmise a partial failure of the contract on the part of their ancestor, but the fact should be shewn, and that it resulted in the prejudice of Respass with respect to the alledged failure of Breckenridge to investigate the title in relation to other interferences, it is sufficient to remark that such interferences are not admitted to exist, and there is no proof of their existence.
But finally, the parol contract by Respass to purchase Breckenridge’s interest, and the payment of a part of the price relied on as furnishing a sufficient objection to repel the complainant’s claim to have partition.
The fact of the purchase and the payment of a horse at the price of $150 in part discharge of the contract are proved, and if Respass had shewn a willingness and readiness to have paid the residue of the price, the objection would have assumed a formidable aspect.
But so far from doing this, he does not, after the lapse of several years of delay unaccounted for, offer in his answer to perform the contract on his part. On the contrary, he controverts the right of the complainants to the extent of one half of their claim, and of course so far manifests an unwillingness on his part to carry the contract into effect.
Upon the whole, therefore, we are of opinion that the complainants are entitled to one third of the land in contest, to be allotted to them out of Respass’ moiety. We think, however, that the compl’nts should be compelled to refund with interest the price of the horse paid by Respass to their ancestor, for the claims are growing out of a transaction in relation to the subject of controversy, and is, no doubt, just and equitable, and the complainants before they obtain equity, ought to do what equity requires in relation to the shine subject toward their adversary.
With respect to the purchaser under Respass, as he had a legal right to only an undivided third of the tract, he could convey no more than an undivided third of each parcel sold, and of so much he still retained an equitable title, notwithstanding the transfer to Breckenridge, and of course, each purchaser for a valuable consideration must have a right to an undivided third of their respective parcels, *587 without regard to the time they had notice of the complainant’s claim, and as to the residue, respect should be, had to their improvements in making the allotment to the complainants, and if it should so happen that an equal third of the whole tract cannot be allotted to the complainants, without encroaching upon the improvements of those claiming under Respass, the complainants should pay therefor, allowing a discount for the rents and profits.
Hardin, Talbott, and Haggin, for Respass, Bibb, contra.
The decree must be reversed, the appellates to recover the costs of their respective appeals, and the cause to he remanded that a petition may be made in conformity to the foregoing opinion, and such decrees and orders made therein as may be agreeably to equity, and not inconsistent with this opinion.